**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald Joe Sears,

Petitioner,

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2281 ADM/RLE

v.

Janet Reno, U.S. Attorney General, et al.,

Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Donald Joe Sears' Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Raymond Erickson [Doc. No. 32]. The R&R, dated December 20, 2000 [ Doc. No. 27], recommends that the Petition for a Writ of Habeas Corpus [Doc. No. 1] be dismissed without prejudice, the Motion to proceed in forma pauperis [Doc. No. 2] be denied as moot, the Motion for Concurrent Jurisdiction to Entertain a § 2241 Petition [Doc. No. 5] be denied as moot, the Motion for an Emergency Hearing [Doc. No. 6] be denied as moot, and the Motion to Strike Respondents' Reply [Doc. No.26] be denied. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for the purposes of the present objections.

FEB 12 2001
FILED
FRANCIS E. DOSAL, CLERK
FEB 12 2001
JUDGMENT ENTD
DEPUTY CLERK

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2).

To prevail on a Writ of Habeas Corpus, a prisoner must show a "substantial infringement of a constitutional right." Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (quoting Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974)). Through his various motions for relief, Petitioner alleges that the Bureau of Prisons ("BOP") is showing deliberate indifference to his serious medical needs and violating his constitutional rights. Specifically, Petitioner requests that the BOP procure for him a liver transplant evaluation. Objections at 2. However, he has not shown that he has been approved for a liver transplant, that the BOP has refused to provide him with a liver transplant once he had been approved, or that the BOP has denied Petitioner access to a liver transplant evaluation.

In the R&R, Judge Erickson recommended that Petitioner's Writ of Habeas Corpus be dismissed because the University of Minnesota Hospitals had agreed to evaluate the Petitioner for a liver transplant on or before December 30, 2000. R&R at 11-12. The Magistrate noted that because the Petitioner's request for relief had been fulfilled, there was no showing of a deprivation of Petitioner's constitutional rights. Id. at 9. Unfortunately, soon after the initial R&R, the University of Minnesota Hospitals declined to conduct a liver transplant evaluation. Supplemental R&R at 2-3. The BOP

then proposed to transport Petitioner to the U.S. Medical Center for Federal Prisons ("USMCFP"), in Springfield, Missouri, for a transplant evaluation by the St. Louis University Hospital. Id. at 4-5. Judge Erickson confirmed that as of December 28, 2000, the BOP had no more expeditious or medically preferable option for securing a transplant evaluation for Petitioner. Id. at 4-5. Although the transplant evaluation had been delayed, Judge Erickson determined that Petitioner was not being denied access to a transplant evaluation and his constitutional rights were not being violated. Id. at 4-5.

On January 31, 2001, at the USMCFP in Springfield, Missouri, Dr. Mark Wooten evaluated Petitioner for a liver transplant. Letter from Patricia R. Cangemi, Assistant United States Attorney, to the Honorable Ann D. Montgomery, United States District Court Judge, at 1 (Feb. 8, 2001) (on file with Court). Dr. Wooten's preliminary report stated that Petitioner is not a good candidate for a liver transplantation at this time, but that Petitioner is scheduled for further tests as part of the transplant evaluation.

Petitioner has failed to show a substantial infringement on a constitutional right necessary to sustain a Writ of Habeas Corpus. If Petitioner ultimately is approved for a transplant and the BOP subsequently refuses to pay for a liver transplant, such a situation may raise constitutional questions. See Barron v. Keohane, 216 F.3d 692 (8th Cir. 2000) (stating that the BOP's transplant policy may raise questions of constitutional rights); 18 U.S.C. § 4042 (listing the BOP's duty to provide care).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The R&R [Doc. No. 27] and the Supp. R&R [Doc. No. 30] are **ADOPTED IN THEIR ENTIRETY;**

2. The Petition for a Writ of Habeus Corpus [Docket No. 1] is **DISMISSED** without prejudice;

3. The Motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] is **DENIED** as moot;

4. The Motion for Concurrent Jurisdiction to Entertain a § 2241 Petition [Docket No. 5] is **DENIED** as moot;

5. Petitioner's Motion for an Emergency Hearing [Docket No. 6] is **DENIED** as moot;

6. Petitioner's Motion to Strike Respondents' Reply [Docket No.26] is **DENIED**;

7. This action is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann Montgomery

JUDGE ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT

Dated: February 12, 2001

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.