**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald Joe Sears,

Petitioner,

**ORDER**
Civil No. 00-2281 ADM/RLE

v.

Janet Reno, U.S. Attorney General, *et al.*,

Respondents.

---

This matter is before the undersigned United States District Judge pursuant to Petitioner Donald Joe Sears' Motion for Reconsideration Based on Newly Discovered Evidence [Doc. No. 37] and Motion & Request for Emergency Hearing [Doc. Nos. 38, 45]. Sears hopes to obtain a double organ transplant. His kidneys and liver are failing and he cannot be put on a public transplant list for the liver or kidney, unless he is out of prison. Sears is serving a 40 year sentence for murder. For the reasons given below, his Motions are denied.

Sears' serious health problems regarding his liver and kidneys are well-documented in earlier filings with this Court. Currently, Sears is incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMCFP"). *See* Benning Aff., May 4, 2001, ¶ 3. He is suffering end-stage liver disease secondary to Hepatitis C and alcohol abuse. *Id.* The medical staff at USMCFP have been evaluating Sears' condition and suitability for transplant. *Id.* ¶ 4-7. Saint Louis University has agreed to proceed with the transplant if Sears locates persons

MAY 10 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

willing to donate a partial liver and a kidney. *Id.* ¶ 5. The USMCFP is proceeding with the transplant evaluation process. *Id.* ¶ 9.

Relying on Fed. R. Civ. P. 60(b), Sears moves for reconsideration of an Order dated February 12, 2001, [Doc. No. 33] dismissing Sears' Petition for writ of habeas corpus. Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances. *Atkinson v. Prudential Ins. Co.*, 43 F.3d 367, 371 (8th Cir.1994). A motion based on Rule 60(b)(2) will be granted only if there is newly discovered evidence sufficient to justify setting aside the original judgment. Fed. R. Civ. P. 60(b)(2). Motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor. *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995). Relief under Rule 60(b) is within the sound discretion of the district court. *Atkinson*, 43 F.3d at 371. Because the new evidence in this case is unlikely to produce a different result from that previously reached, Sears' Motion for Reconsideration is denied. *See Mitchell*, 48 F.3d at 1041.

After conducting a parole hearing for Sears on April 19, 2001, the Parole Commission denied Sears' request for parole, or compassionate release.[1] Under 18

[1] In order to have his sentence modified, a petitioner must show that his case falls within one of the situations set forth in 18 U.S.C. § 3582(c). A sentence may be modified when the Director of the Bureau of Prisons ("BOP") moves the Court for such a modification because the BOP has found either (1) that "extraordinary and compelling" reasons warrant such a modification, 18 U.S.C. §§ 3582(c)(1)(A)(i), or (2) that a defendant, who is at least 70 years old and who has served at least 30 years in prison, is no longer a danger to the safety of the community, 18 U.S .C. §§ 3582(c)(1)(A)(ii). Sears does not meet either of these circumstances justifying modification.

U.S.C. § 4218(d),[2] the Parole Commission's refusal to grant Sears parole is an action committed to agency discretion. *See Jones v. United States Bureau of Prisons,* 903 F.2d 1178, 1182-83 (8th Cir. 1990). Where agency action is committed by law to agency discretion, a court has no jurisdiction to review for abuse of discretion the informed judgments of administrative officials. *See Heckler v. Chaney,* 470 U.S. 821 (1985) (citing Section 701(a) of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701(a)(2)).

Thus, a federal court does not have jurisdiction to review a substantive decision of the Parole Commission to grant or deny parole. *Jones*, 903 F.2d at 1182-83; *Wright v. United States Parole Comm'n.*, 948 F.2d 433, 435 (8th Cir. 1991). A district court is only permitted to determine whether the Parole Commission has violated the Constitution or exceeded its statutory authority in making a decision. *Id.*; *Larson v. United States,* 907 F.2d 85, 86-87 (8th Cir. 1990). A Parole Commission decision is substantive, and therefore unreviewable, if it "involves the exercise of judgment among a range of possible choices or options." *Jones*, 903 F.2d at 1184 (citations omitted). In Sears' case, the Parole Commission's decision to deny parole was substantive. Furthermore, the Parole Commission neither violated the Constitution nor exceeded its statutory authority in reaching this decision. Sears' Motions are denied.

---

[2] Although Congress has repealed parole provisions codified at 18 U.S.C. §§ 4201 *et seq.*, Congress kept these provisions in effect for fifteen years after the effective date of the repeal, November 1, 1987. *See* Pub.L. 104-232, section 2(a), Oct. 2, 1996, 110 Stat. 3055.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

(1) Petitioner Sears' Motion for Reconsideration Based on Newly Discovered Evidence [Doc. No. 37] is **DENIED**; and

(2) Petitioner Sears' Motion & Request for Emergency Hearing [Doc. Nos. 38, 45] are **DENIED**.

BY THE COURT:

Ann Montgomery

JUDGE ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT

Dated: May 10, 2001